



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

FEB 23 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**VICTOR M. ROSADO**, Plaintiff,

v.

**DAVID P. STEINER**, Postmaster General,
United States Postal Service, Defendant.

1:26-cv-01986
Judge Georgia N. Alexakis
Magistrate Judge Keri L. Holleb Hotaling
Random/Cat 1

# COMPLAINT

### 1. Jurisdiction
This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, and the Rehabilitation Act of 1973, 29 U.S.C. §791 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §1331. Venue is proper in this District because the events giving rise to this action occurred in Hoffman Estates and Schaumburg, Illinois.

### 2. Parties
Plaintiff Victor M. Rosado is a Letter Carrier employed by the United States Postal Service in Illinois. Defendant David P. Steiner is the Postmaster General of the United States Postal Service and is sued in his official capacity.

### 3. Administrative Exhaustion
Plaintiff filed an Equal Employment Opportunity complaint alleging discrimination, failure to accommodate, and retaliation. The matter was assigned EEOC Case No. 440-2025-00217X. An Administrative Judge granted summary judgment on January 27, 2026, and the United States Postal Service issued a Final Agency Decision on January 30, 2026. This civil action is filed within ninety (90) days of receipt of that decision.

### 4. Facts
Plaintiff is a qualified individual with a disability within the meaning of the Rehabilitation Act and was able to perform the essential functions of the Letter Carrier position with reasonable accommodation.

Plaintiff could perform the essential functions of the position with reasonable accommodation, including reassignment to a warmer climate location such as Guaynabo, Puerto Rico. The climate conditions are consistent with Plaintiff's medical restrictions, and delivery routes at that installation are primarily mounted, condominium-based, or centralized mailbox routes requiring significantly less walking and stair climbing. Plaintiff previously worked at that facility and is familiar with its operations. Only one walking route exists, and its mailboxes are located at ground level, eliminating stair use. Such reassignment would allow Plaintiff to safely and effectively perform the duties of the position consistent with medical guidance.

The essential duties of a USPS Letter Carrier include casing and organizing mail, loading a delivery vehicle, and delivering mail along assigned routes. Plaintiff's current assigned route is primarily a walking route requiring stair climbing because many delivery points are located above the first floor. USPS routes vary significantly, and many routes are performed through mounted delivery, condominium delivery, or centralized mailbox systems that reduce walking, stair use, and heavy lifting. Operational practices also allow assistance from other employees or customer pickup notification

procedures for heavier items. Plaintiff is able to perform the essential duties of the position within medical restrictions when assigned to routes compatible with those limitations.

Although Plaintiff has a lifting restriction of 25 pounds, USPS has historically accommodated employees with similar restrictions through assistance from coworkers or customer pickup notification procedures. Plaintiff performed the position without limitation at the time of hire, continues to complete delivery duties when temperatures exceed medically approved limits, and USPS has never conducted any fitness-for-duty evaluation concluding Plaintiff is unable to perform the position.

Defendant failed to properly process Plaintiff's request for reasonable accommodation through the District Reasonable Accommodation Committee (DRAC). More than one year later, Defendant attempted to reinitiate DRAC processing as if requested by Plaintiff while Plaintiff was not present in the country. During the administrative proceedings, the EEOC Administrative Judge acknowledged that Plaintiff was not required to file additional motions because the failure to process the DRAC request resulted from Defendant's own procedural errors.

## 5. Retaliation and Discriminatory Conduct

After engaging in protected EEO activity and requesting reasonable accommodation, Plaintiff was subjected to a continuing pattern of retaliatory and discriminatory conduct by management. Defendant was aware of Plaintiff's protected activity, and thereafter Plaintiff experienced adverse actions including:

(a) repeatedly being sent home despite reporting ready and able to work within documented medical restrictions;
(b) denial of available work assignments while other routes remained open;
(c) inconsistent and selective enforcement of medical accommodations previously provided;
(d) disciplinary action in the form of a warning later rescinded through union intervention;
(e) adverse treatment related to Plaintiff's work-related injury accepted under the Office of Workers' Compensation Programs (OWCP), including actions inconsistent with medical restrictions and workplace safety obligations;
(f) restrictions and interference related to Plaintiff's use of the Spanish language in the workplace; and
(g) interference with Plaintiff's ability to maintain regular work hours, income, and employment benefits.

These actions occurred after Defendant became aware of Plaintiff's protected activity and would dissuade a reasonable employee from engaging in protected conduct, constituting unlawful retaliation and discrimination under federal law.

## 6. Claims

### Count I — Disability Discrimination (Rehabilitation Act)

Defendant failed to provide reasonable accommodation and failed to engage in the interactive process in good faith.

### Count II — Retaliation

Defendant subjected Plaintiff to adverse actions after protected EEO activity.

### Count III — National Origin Discrimination (Title VII)

Defendant interfered with Plaintiff's use of the Spanish language in the workplace and treated Plaintiff adversely under circumstances giving rise to discrimination.

## 7. Relief Requested

Plaintiff requests compensatory damages, back pay and benefits, injunctive relief including reasonable accommodation, costs and attorney's fees as allowed by law, and any further relief the Court deems

just and proper.

**8. Jury Demand**
Plaintiff demands trial by jury.

Respectfully submitted,

**Victor M. Rosado**
Plaintiff Pro Se
1200 American Ln Apt 214
Schaumburg, IL 60173
Phone: 787-587-4442
Email: millo129@gmail.com

Date: February 21, 2026